UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUHAMMAD MILHOUSE, | |
| Plaintiff, | |
| -against- | 22-CV-2934 (LTS) |
| HILTON GARDEN INN EMPLOYEES ET AL. UNDER RESPONDEAT SUPERIOR – UNDER NEGLIGENT HIRING AND RETENTION – EMPLOYER HILTON WORLDWIDE HOLDINGS, INC., | 22-CV-2940 (LTS) ORDER TO AMEND |
| Defendants. | |
| MUHAMMAD MILHOUSE, | |
| Plaintiff, | |
| -against- | |
| NEW YORK CITY (DHS) HOMELESS PROGRAM PROJECT RENEWAL ANA'S PLACE MEN'S SHELTER EMPLOYEES UNDER RESPONDEAT SUPERIOR – NEGLIGENT HIRING AND RETENTION ET AL., EMPLOYER CITY OF NEW YORK, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings these two actions alleging that Defendants violated his rights under federal law. By orders dated May 4, 2022, and May 5, 2022, the Court granted Plaintiff's requests to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court consolidates the two complaints and grants Plaintiff leave to file a consolidated amended complaint in the case bearing the lower case number, 22-CV-2934, that covers and

clarifies all of the claims he wishes to assert in his two actions, within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

On April 8, 2022, the Court received the two complaints from Plaintiff Muhammad Milhouse. In the caption of the first complaint, 22-CV-2934, Plaintiff lists as Defendants: "Hilton Garden Inn employees Et. al. under Respondeat Superior – under Negligent Hiring and Retention – Employer Hilton Worldwide Holdings, Inc." (ECF 2, at 1.) In other sections of the first complaint, Plaintiff lists the Defendants as including "Hilton Garden Inn employees" (*id.* at 7) and "Hilton Worldwide Holdings, Inc." (*id.*), as well as "N.Y.C. – DHS Employees"[1] and John/Jane Doe Hilton Garden Inn employees, (*id.* at 8-9). Plaintiff also states that he is "waiting on" Lieutenant Solla of the New York City Police Department and "working closely" with the Civilian Complaint Review Board to identify other defendants. (*Id.* at 8.)

In the first complaint, Plaintiff states that the events giving rise to his claims occurred in various rooms in the Hilton Garden Inn located at 6 Water Street in Manhattan on "multiple dates prior to 2-7-2021." (*Id.* at 9.) Plaintiff alleges that on an unspecified date in Room 810 of the Hilton Garden Inn, he was awakened by a "blunt sharp pain to [his] mid section, testicles and penis" and discovered "one female DHS employee dark skin Heavy-set R.A. was on top of [him] bouncing up and down and [his] penis was inside her vagina or rectum." (*Id.*) Plaintiff could not move and saw that "the Room was full of N.Y.C.-DHS staff and Hilton Garden Inn heavy-set Spanish clean up lady holding [his] feet doing something with her hands." (*Id.*) Plaintiff was unable to move "while City of New York and Hilton Garden staff raped [him]." (*Id.*) Plaintiff

---

[1] The Court understands "N.Y.C. D.H.S" to be referring to the New York City Department of Homeless Services.

remembers that he could not breathe, was in pain, and "passed out . . . from being choke – and the tall Light skin N.Y.C. – DHS (R.A.) hitting on [his] head." (*Id.*)

Plaintiff attaches various documents to the complaint, including, among other things: (1) copies of single-spaced emails that include case captions for both of Plaintiff's complaints and that consist of confusing factual allegations interspersed with excerpts from federal statutes and case law, much of which appears irrelevant or unrelated to Plaintiff's factual allegations; (2) complaints that Plaintiff has filed with the New York City Police Department and the Civilian Complaint Review Board; (3) release forms related to Plaintiff's medical information; (4) an unexecuted retainer agreement with the law firm of Morgan & Morgan that includes Plaintiff's handwritten comments in the margins; and (5) copies of Plaintiff's medical records.

It is unclear how some of the factual allegations included in the attachments relate to Plaintiff's claims or pertain to any of the named Defendants. For example, in a document addressed to "Honorable District Judge" that consists mostly of excerpts of legal authorities that Plaintiff found on "en.m.Wikipedia.org" (*id.* at 35), Plaintiff also states,

> Knowing each time i out and return the defendants either be coming out of my
> room or the in linen closet, utility plumbing engineering room connected to my
> room bathroom plumbing and the electrical power built behind my bed headboard
> as a result of that i ended up sleeping on the floor for my entire stay because of
> the devices built in and around each room i was in put defendants in my Human
> feces, urine, barbiturates (E.g. sleeping pills and other toxins that will alter my
> medications effectiveness was put in my food K2 mind altering stick chopped up
> and spread all over brown rice in brown gravy and the defendants put urine in my
> milk also milks be full of vomiting, Orange juice, and my apple juice, of urine it's
> the only rational explanation why I keep going to the ER all the time complaining
> about dizziness and abdominal pain, headaches blurred vision et al.

(*Id.* at 36.)

Elsewhere in the attachments, Plaintiff quotes language from the Uniform Code of Military Justice (*id.* at 12), federal law related to protection and advocacy systems (*id.* at 13), the Americans with Disabilities Act (*id.* at 35), and various case law (*see, e.g.*, *id.*). He also includes

extensive discussion of his medical conditions. (*See, e.g.*, *id.* at 13 ("The cervical spine is the reason why I have Degeneration Disease is all over my body in my Cervical spine it is a major source of the degeneration disease my Doctors told If this is not correct my body will keep getting sick and I could become crippled blind or worse and it looks like I might have to have surgical injection physical therapy and maybe in a few years I'll get better and that's the alternative to surgery if I don't get better from the physical therapy at that point surgery will be only option . . . ."))

In the caption of Plaintiff's second complaint, 22-CV-2940, he lists as Defendants: "New York City (DHS) homeless program project renewal ana's place men's shelter employees under respondeat superior – negligent hiring and retention Et Al., Employer City of New York." (ECF 1:22-CV-2940, 2.) Elsewhere in the complaint, he lists as additional or possibly alternative Defendants: "DHS – City of New York employees (Et. AL.)" (*id.* at 8), John/Jane Doe "NYC DHS employees," and John/Jane Doe "Hilton Garden employees," (*id.* at 9). The second complaint alleges substantively similar facts as the first complaint and also includes many, if not all, of the same attachments.

In both complaints, Plaintiff seeks money damages.

## DISCUSSION

### A.    Consolidation of the two cases

Plaintiff brings essentially the same claim in the two complaints: that he was assaulted by employees of Hilton Garden Inn and DHS. Under Rule 42 of the Federal Rules of Civil Procedure, a district court may consolidate civil actions pending in the same court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). When actions are consolidated, they are "join[ed] together . . . without . . . los[ing] their independent character." *Hall v. Hall*, 138 S. Ct. 1118, 1124-25 (2018). "The proper solution to the problems

created by the existence of two or more cases involving the same parties and issues,

simultaneously pending in the same court [is] to consolidate them under Rule 42(a)." *Miller v.

USPS*, 729 F.2d 1033, 1036 (2d Cir. 1984). "In assessing whether consolidation is

appropriate . . . , a district court should consider both equity and judicial economy." *Id.* "A

district court can consolidate related cases under [Rule 42(a)] *sua sponte.*" *Devlin v. Transp.

Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Because these actions involve common issues of law and possibly some of the same

Defendants, both equity and judicial economy support the consolidation of these cases. The

Clerk of Court is therefore directed to consolidate the two cases. All further papers filed or

submitted for filing, including any amended complaint filed by Plaintiff, will be docketed in the

lead action under case number 22-CV-2934. Plaintiff should note that, although the higher-

numbered case, 22-CV-2940, remains open for administrative purposes, no further action is

necessary on that docket for the case to proceed.

**B.      Rule 8**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). The complaint must include enough facts to state a claim for relief "that is plausible

on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible if the plaintiff pleads enough

factual detail to allow the Court to draw the inference that the defendant is liable for the alleged

misconduct. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)). A complaint's statement

of claim, however, should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin

v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim

"should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on

the court and the party who must respond to it because they are forced to select the relevant

material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension").

Here, neither of Plaintiff's complaints contains a short and plain statement showing that he is entitled to relief. Plaintiff's complaints are each more than 70 pages long and include, among other attached documents, copies of confusing emails from Plaintiff that include additional facts that appear to be related to the alleged assault as well as other factual allegations that appear only tangentially related to the asserted claim, if at all. Plaintiff's lengthy and confusing complaints place an "unjustified burden" on the Court and Defendants because they "force[ them] to select the relevant material from a mass of verbiage." *Salahuddin*, 861 F.2d at 42 (citation omitted).

The Court grants Plaintiff leave to file a single complaint that contains a short and plain statement showing that he is entitled to relief and otherwise complies with the requirements of Rule 8.

## C.    Defendants

Plaintiff's complaints fail to state clearly who he is intending to sue. Rule 10 of the Federal Rules of Civil Procedure requires that the caption of a complaint must name all of the parties. Fed. R. Civ. P. 10(a). Here, neither of the complaints' captions states clearly the names of all the parties Plaintiff intends to sue. For example, in 22-CV-2934, the caption appears to list "Hilton Garden Inn employees" and "Hilton Worldwide Holdings, Inc.," but elsewhere in the complaint, Plaintiff lists "N.Y.C. – DHS Employees" and various John and Jane Does as defendants. (*See, e.g.*, ECF 1:22-CV-2934, 2, at 1, 8, 9.) In the second complaint, 22-CV-2940, the caption lists as defendant(s) "New York City (DHS) homeless program project renewal ana's

place men's shelter employees,"[2] but elsewhere in the second complaint, Plaintiff lists only "DHS City of New York employees", "(DHS) City of New York", and various John and Jane Does as defendants. (ECF 1:22-CV-2940, 2, at 1, 7, 9.) Plaintiff makes identifying the proper defendants even more difficult because he appears to include in the case captions the purported legal theories for the defendants' liability. (*See* ECF 1:22-CV-2934, 2, at 1 (including "under Respondeat Superior – under Negligent Hiring and Retention" in the case caption); ECF 1:22-CV-2940, 2, at 1 (including "under respondeat superior – negligent hiring and retention Et Al., Employer City of New York" in the case caption)).

The Court grants Plaintiff leave to file a single amended complaint that (1) lists in the case caption all the defendants he intends to sue, and (2) alleges facts showing how each defendant listed in the case caption violated his rights.

**D.    Uniform Code of Military Justice**

To the extent Plaintiff seeks to assert claims under 10 U.S.C. § 920, the Court must dismiss those claims. That statute – entitled "Rape and sexual assault generally" – is a portion of the Uniform Code of Military Justice, a criminal statute. Section 920 is irrelevant here and, in any event, it does not provide a private right of action. *See Nath v. Select Portfolio* Serv., Inc., 732 F. App'x 85, 87 (2d Cir. 2018) (summary order) ("[N]o private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action."); *McArthur v. Yale New Haven*, No. 3:20-CV-0998, 2021 WL 3725996, at *4 (D. Ct. Aug. 23, 2021) (dismissing claims brought under Section 920 on grounds that federal criminal

---

[2] The listed defendant does not exist as a single entity, but rather appears to include multiple entities such as DHS, Project Renewal, which is a non-profit organization that provides services to homeless individuals, and Ana's Place, which is a shelter operated by Project Renewal.

statutes, including the Uniform Code of Military Justice, do not provide private rights of action);
*see also Rouhi v. Kettler*, 2020 WL 3451871, at *3 (D. Md. June 24, 2020) (dismissing
complaint for lack of subject matter jurisdiction when based, in part, on 10 U.S.C. § 921 – "a
provision of the Uniform Code of Military Justice" punishing larceny – because the statute "does
not incorporate a private right of action, and military justice has no application to a dispute
between a tenant and her property management company.") The Court therefore dismisses any
claims under Section 920 that Plaintiff may be asserting.

**E.      42 U.S.C. § 1983**

To the extent Plaintiff is seeking to assert claims that Defendants violated his federal
constitutional rights, the Court construes such claims as arising under 42 U.S.C. § 1983. To state
a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the
Constitution or laws of the United States was violated, and (2) the right was violated by a person
acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.      State Action**

A claim for relief under Section 1983 must allege facts showing that each defendant acted
under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.
Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723
F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,
531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir.
2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private entity can be attributed to the state in three situations: (1) the
entity acts using the coercive power of the state or is controlled by the state (the "compulsion
test" ); (2) the entity willfully participates in joint activity with the state or its functions are
entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has

delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of Section 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Moreover, the fact that an entity receives public funds does not turn private action into state action, and acts of private contractors do not become acts of the government. *See Rendell-Baker*, 457 U.S. at 840-41. Further, a private entity does not become a state actor merely by acting in accordance with a state contract. *See, e.g.*, *Ortega v. Samaritan Vill . Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, at *3 (E.D.N.Y. Mar. 4, 2020) (citing *Rendell-Baker*, 457 U.S. at 841).

Here, Hilton Garden Inn and its employees are not state actors, and it is unclear from Plaintiff's allegations whether their actions could be attributable to the state for purposes of Section 1983. Plaintiff suggests that Hilton Garden Inn contracted with the City of New York to provide housing to homeless individuals for purposes of quarantining during the COVID-19 pandemic. (*See* ECF 1:22-CV-2934, 3, at 15.) But contracting with a public entity or receiving public funds generally does not turn a private entity into a state actor. *See Rendell-Baker*, 457 U.S. at 840-41. Moreover, providing housing is not a public function because it is not the exclusive province of the state. *See, e.g.*, *George v. Pathways to Housing, Inc.*, No. 10-CV-9505, 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). Plaintiff also alleges that DHS

employees and Hilton Garden Inn employees were present in his room during the alleged assault,

but he does not allege sufficient facts suggesting joint action between the state and private actors.

It also appears that Plaintiff is suing Project Renewal, which is a private, non-profit

organization and not a part of DHS, and Ana's Place, which is a shelter run by Project Renewal.

Neither Project Renewal nor Ana's Place are state actors and Plaintiff does not appear to allege

any facts suggesting that the actions of these entities or their employees can be attributed to the

state for the purposes of Section 1983.

If Plaintiff asserts Section 1983 claims in the amended complaint against nonstate actors,

he must allege facts suggesting that the actions of the nonstate actors can be fairly attributable to

the state. In other words, he must allege facts explaining why DHS, the City of New York, or its

employees were responsible for what happened in the Hilton Garden Inn hotel room.

## 2.    Personal Involvement

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants'

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.

State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit

that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A

defendant may not be held liable under Section 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable

under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir.

2020).

Moreover, generic "employees" of "staff" of an entity, such as "Hilton Garden Staff employees," "men's shelter employees," or "DHS employees," even if their actions are attributable to the state, are not considered persons under Section 1983. *See, e.g.*, *Kerr v. Cook*, No. 3:21-CV-0093, 2021 WL 765023, at *4 (D. Ct. Feb. 26, 2021) (holding that correctional facility "medical staff" is a not person under Section 1983); *Connor v. Hurley*, No. 00-CV-8354, 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (holding that Green Haven Correctional Facility "medical staff" is not a person under Section 1983); *Ferguson v. Morgan*, No. 90-CV-6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991) (holding that claim against prison staff, without naming a particular person, did not name a person under Section 1983).

If Plaintiff wishes to assert Section 1983 claims against the individual employees of the Hilton Garden Inn, DHS, or any other entity, he must name them individually and allege facts showing how each individual defendant was personally involved in violating his rights. As described in further detail below, if Plaintiff does not know the name of the individual employee he wishes to sue, he may refer to them as "John Doe" or "Jane Doe" in the caption and body of the complaint.

### 3.   DHS and Municipal Liability

Any claims Plaintiff may be asserting against DHS must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York. When a plaintiff sues a municipality such as the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

If Plaintiff asserts claims against the City of New York in the amended complaint, he must allege facts suggesting that the City of New York had a policy, custom, or practice that violated his federal constitutional rights.

**F.    The Americans With Disabilities Act**

Title III of the ADA forbids private entities operating public accommodations and services from discriminating "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

accommodation."[3] 42 U.S.C. § 12182(a); *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). To state a claim under Title III, a plaintiff must allege facts suggesting "that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Id.* (citation omitted). Discrimination is defined to include, in relevant part:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . .

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). Under the ADA, "[a] private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) (citing *Newman v. Biggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (*per curiam*)); *see also* 42 U.S.C. § 12188(a).

Here, Plaintiff invokes the ADA and appears to allege that he was targeted for assault based on information in his DHS shelter file, including information related to his health and mental health status. (*See* ECF 1:22-CV-2934, 2, at 12.) If Plaintiff wishes to assert ADA claims for injunctive relief in the amended complaint, he must allege any facts suggesting that he is disabled, that defendants are subject to the ADA, and that the defendants discriminated against

---

[3] Plaintiff may also be attempting to assert a claim against the City of New York under Title II of the ADA, which prohibits discrimination by public entities. *See* 42 U.S.C. 12132. The Second Circuit has read the requirements of Title II and Title III as being consistent with each other. *Mary Jo C. v. N.Y.S. & Local Ret. Sys.*, 707 F.3d 144, 159 n.6 (2d Cir. 2013).

him within the meaning of the ADA. Plaintiff should also state what injunctive relief he is seeking.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts to state a valid claim, the Court grants Plaintiff 60 days' leave to file a single amended complaint that names all defendants and includes all claims Plaintiff wishes to assert.

First, Plaintiff must name as the defendants in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5]

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff need not submit evidence or extensive discussions of legal theory at this stage.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint filed under docket number 22-CV-2934 and no further filings will be permitted under docket number 22-CV-2940, any facts or claims that Plaintiff wants to include from the original complaints must be repeated in the amended complaint and filed under docket number 22-CV-2934.

The Court also strongly advises Plaintiff to contact the New York Legal Assistance Group ("NYLAG"), an organization that provides legal advice to self-represented plaintiffs and

defendants, for assistance in drafting her second amended complaint. A flyer from NYLAG is attached to this order.

## CONCLUSION

The Court consolidates the two actions under case numbers 22-CV-2934 and 22-CV-2940. All further papers filed or submitted for filing will be docketed in the lead action under case number 22-CV-2934.

The Court dismisses Plaintiff's claims against the New York City Department of Homeless Services for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also  dismisses any claims Plaintiff may be asserting under 10 U.S.C. § 920 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-2934 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 31, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ **Civ.** _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                       ID#_____
                       Current Institution_____
                       Address_____
                       _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1        Name _____ Shield #_____
                              Where Currently Employed _____
                              Address _____
                              _____

Defendant  No. 2          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<table>
<tr><td>

**Who did
what?**

</td></tr>
</table>

Defendant  No. 4          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

<table>
<tr><td>

**What
happened
to you?**

</td></tr>
</table>

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Was
anyone
else
involved?

_____
_____
_____
_____
_____

Who else
saw what
happened?

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____
                _____

        2.      What was the result, if any?
                _____
                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

**VI.     Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px;">On these claims</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case_____

5.     Approximate date of filing lawsuit  _____

6.     Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:   Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

<div style="float:left; border:1px solid black; padding:4px;">On other claims</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.     Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case_____

5.     Approximate date of filing lawsuit  _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff        _____

Inmate Number             _____

Institution Address         _____

_____

_____

_____


Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____