UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                          :
MUHAMMAD MILHOUSE,                                        :
                                                          :
                              Plaintiff,                  :
                                                          :                    22 Civ. 2934 (JPC)
               -v-                                        :
                                                          :                    ORDER OF SERVICE
NEW YORK CITY DHS DSS *et al.*,                          :
                                                          :
                              Defendant.                  :
                                                          :
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his rights.  Plaintiff originally filed two complaints in this District that were

opened as two new civil actions: Nos. 22 Civ. 2934 and 22 Civ. 2940.  By Order dated May 4,

2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.

        By Order dated May 31, 2022, Chief Judge Laura Taylor Swain directed that Plaintiff's

two cases be consolidated and that all further filings are to be filed in the lead action under No. 22

Civ. 2934.[1]  Chief Judge Swain's Order also directed Plaintiff to file one amended complaint in

the lead case.  The Court received Plaintiff's Amended Complaint on July 27, 2022.  The Amended

Complaint names the following parties as Defendants: the City of New York; the New York City

Department of Social Service ("DSS"); the New York City Department of Homeless Services

("DHS"); "Administrative Support"; "Cleaning and Sanitizing Housekeeping Staff"; John or Jane

---

        [1] The Order also advised Plaintiff that the higher numbered case, No. 22 Civ. 2940, will
remain open for administrative purposes.

Doe "Site Supervisor NYCDHSDSS-DHS Covid-19 Isolation Site"; John or Jane Doe "24/7 Operation Staff/Housekeeping"; John or Jane Doe "NYCDHSDSS Access Control/ 'Building Ow[n]ers' Security"; and John or Jane Doe "Nurse/Medical Staff (Isolation Site Essential Services)."

For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against DSS, DHS, "Administrative Support," and "Cleaning and Sanitizing Housekeeping Staff"; (2) directs service on the City of New York; and (3) directs the City of New York to help identify the John or Jane Doe "Site Supervisor" at the DHS Covid-19 isolation site at the Hilton Garden Inn.

## I.   Standard of Review

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).   The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.   *See* Fed. R. Civ. P. 12(h)(3).   While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## II.   Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the U.S. Constitution or the laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."   *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.      **Claims Against the DSS and the DHS**

Plaintiff's claims against the DSS and the DHS must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *accord Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court, however, will construe Plaintiff's claims against these entities as brought against the City of New York, which is also a named defendant.

B.      **Claims Against "Administrative Support" and "Cleaning and Sanitizing Housekeeping Staff"**

The Court dismisses Plaintiff's claims against "Administrative Support" and "Cleaning and Sanitizing Housekeeping Staff" because generic employees or "staff" are not considered persons under Section 1983.  *See, e.g.*, *Kerr v. Cook*, No. 3:21-cv-93, 2021 WL 765023, at *4 (D. Conn. Feb. 26, 2021) (holding that correctional facility "medical staff" is a not person under section 1983); *Connor v. Hurley*, No. 00 Civ. 8354 (LTS), 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (holding that Green Haven Correctional Facility " medical staff"  is not a person under Section 1983); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (holding that claim against prison staff, without naming a particular person, did not name a person under section 1983).  The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the U.S. Marshals Service to serve if a plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant City of New York.  The Clerk of Court is further instructed to issue a summons and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendant City of New York.

If the Amended Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (explaining that it is a plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.      *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the Amended Complaint, Plaintiff

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the Amended Complaint until the Court reviewed the Amended Complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until ninety days after the date the summons is issued.

supplies sufficient information to permit the City of New York to identify the John or Jane Doe Site Supervisor at the DHS Covid-19 isolation site at the Hilton Garden Inn between January 20, 2021 and February 7, 2021.  It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the City of New York, must ascertain the identity of the John or Jane Doe whom Plaintiff seeks to sue here and the address where that individual defendant may be served.  The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John or Jane Doe defendant.  The second amended complaint will replace, not supplement, the prior complaints.  A second amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for the named John or Jane Doe defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.[3]

### III.  Conclusion

The Court dismisses Plaintiff's claims against DSS, DHS, "Administrative Support," and "Cleaning and Sanitizing Housekeeping Staff" for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue a summons for the City of New York, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3] The Court declines to issue a *Valentin* order as to the other John or Jane Doe defendants at this time.

The Clerk of Court is also directed to mail a copy of this Order and the complaint to New York City Law Department at 100 Church Street, New York, NY 10007. A "Second Amended Complaint" form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (explaining that an appellant demonstrates good faith when he or she seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  August 10, 2022
        New York, New York

                                                     JOHN P. CRONAN
                                      United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1.      The City of New York
        New York City Law Department
        100 Church Street
        New York, NY 10007

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

SECOND AMENDED
COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                     Middle Initial          Last Name

_____

Street Address

_____

County, City                                State                  Zip Code

_____          _____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                         State                    Zip Code

Defendant 2:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                         State                    Zip Code

Defendant 3:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                         State                    Zip Code

Defendant 4:

_____

First Name                     Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                     State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address             City             State             Zip Code

_____
Telephone Number             E-mail Address

_____
Date             Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007