UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUHAMMAD E. MILHOUSE,

            Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/08/2022

22-CV-2934 (JPC) (BCM)

AMENDED ORDER OF SERVICE

**BARBARA MOSES, United States Magistrate Judge:**

For the reasons set forth below, the Court (1) strikes the plaintiff's Second Amended Complaint (SAC) (Dkt. 13); (2) directs service of his Amended Complaint (Amend. Compl.) (Dkt. 5) on the City of New York (City), and (3) directs the New York City Law Department (Law Department) to help identify the John or Jane Doe identified in the Amended Complaint as the "Site Supervisor at the DHS Covid-19 isolation site at the Hilton Garden Inn."

## BACKGROUND

Plaintiff, who is appearing *pro se*, filed two actions on April 8, 2022, both alleging that he was assaulted at the Hilton Garden Inn at 6 Water Street in Manhattan by employees of the New York City Department of Homeless Services (DHS), as well as hotel employees.[1] Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), was granted in both cases, after which, on May 31, 2022, Chief Judge Swain directed that the two cases be consolidated and that all further filings were to be filed in the lead action under this caption. *See* Order to Amend (Dkt. 4) at 17. The Order to Amend further directed plaintiff to file an amended complaint. *Id.* at 8. On July 27, 2022, the Court received plaintiff's Amended Complaint, which clarified that the

---

[1] In this action, plaintiff named as Defendant 1 "Hilton Garden Inn Employees (et al.)" In No. 22-CV-2940, he named as Defendant 1 "DHS – City of New York employees et al."

Garden Inn was a "Covid-19 isolation site" and named as defendants the City, two City agencies, and defendants described as: "Administrative Support"; "Cleaning and Sanitizing Housekeeping Staff"; John or Jane Doe "Site Supervisor NYCDHSDSS-DHS Covid-19 Isolation Site"; John or Jane Doe "24/7 Operation Staff/Housekeeping"; John or Jane Doe "NYCDHSDSS Access Control/'Building Ow[n]ers' Security"; and John or Jane Doe "Nurse/Medical Staff (Isolation Site Essential Services)." Amend. Compl. at ECF pp. 4-6. Plaintiff alleges that during his City-mandated quarantine by the DHS at the Hilton Garden Inn from January 20, 2021 through February 7, 2021, he endured physical and sexual assaults and was drugged with illicit substances. *Id*. at ECF pp. 6-8.

The case was then assigned to Judge Cronan, who issued an Order of Service, dated August 10, 2022 (Dkt. 7), dismissing plaintiff's claims against the City agencies, "Administrative Support," and "Cleaning and Sanitizing Housekeeping Staff"; directing service on the City; and directing the Law Department, as "attorney for and agent of the City of New York," to help identify the John or Jane Doe identified as the "'Site Supervisor' at the DHS Covid-19 isolation site at the Hilton Garden Inn." Order of Service at 2-5. Judge Cronan instructed plaintiff that, within 30 days of receiving identifying information from the Law Department, he "must file a second amended complaint naming the John or Jane Doe defendant." *Id*. at 5. Additionally, the case was referred to me for general pretrial management. (Dkt. 9.)

On August 11, 2022, the Clerk of Court issued a Summons addressed to the City (Summons) (Dkt. 10), and mailed a copy of the Order of Service to the Law Department. *See* Docket Entry dated Aug. 11, 2022. A Process Receipt and Return reflects that the U.S. Marshals Service attempted to serve the Summons and Amended Complaint on the City on August 25, 2022, but the Law Department refused service. (Dkt. 14.) Since then, the City has not appeared in the

matter and has not helped identify John or Jane Doe. Nevertheless, on August 20, 2022, plaintiff filed his SAC naming as defendants the City and four "Doe" defendants, including the "Isolation Site Supervisor," "24/7 Operation Staff," "Access Control Staff," and "Isolation Site Nurse" at 6 Water Street, New York, New York 10004 (the address of the Hilton Garden Inn where plaintiff alleges that he was quarantined by the City). SAC at ECF pp. 4-5.

## DISCUSSION

**A.      The SAC**

Fed. R. Civ. P. 15(a)(1) permits a party to amend his pleading once as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(2) permits additional amendments with leave of court.

The Order of Service ordered the City to identify the John or Jane Doe that plaintiff sought to sue "within sixty days." Order of Service at 5. The Order of Service also provided that plaintiff could further amend his complaint "[w]ithin 30 days of receiving this information." *Id.* Without waiting for the City to identify the John or Jane Doe, and before the sixty days elapsed, plaintiff filed his SAC. Because more than 21 days elapsed since he filed his Amended Complaint, and because this amendment did not conform to the requirements of the Order of Service, the SAC must be stricken.

**B.      Service on the City of New York**

As stated in the Order of Service, plaintiff has been granted permission to proceed IFP and is entitled to rely on the Court and the U.S. Marshals Service to effect service. Order of Service at 4. To allow plaintiff to serve the City through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for defendant City of New York. The Clerk of Court is further instructed to issue a summons and

deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service of the Amended Complaint upon defendant City of New York.

The City is reminded that, if a defendant fails to complete and return an Acknowledgment of Receipt of Summons and Complaint within thirty days of receipt, the defendant "will be required to pay expenses incurred in serving the summons and complaint . . . in any other manner permitted by law, and the cost of such service . . . will be entered as a judgment against [the defendant]." N.Y.C.P.L.R. § 312-a; see also Fed. R. Civ. P. 4(e)(1) (individual may be served by following state law for serving a summons); Fed. R. Civ. P. 4(d) (defendants have "a duty to avoid unnecessary expenses of serving the summons").

**C.     *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Because the Law Department declined to accept service of the Order of Service, it also did not comply with Judge Cronan's directive to "ascertain the identity of the John or Jane Doe whom Plaintiff seeks to sue here and the address where that individual defendant may be served." Order of Service at 5.

The Law Department, which is the attorney for and agent of defendant City, must ascertain the identity of the John or Jane Doe "Site Supervisor" whom plaintiff seeks to sue in the Amended Complaint, and the address where that individual defendant may be served. The Law Department must provide this information to plaintiff and the Court within sixty days of the date of this Order.

No later than thirty days after receiving this identifying information, but in no event before receiving that information, plaintiff must file a third amended complaint naming the John or Jane Doe defendant. The third amended complaint will replace, not supplement, the prior complaints. Once plaintiff has filed a third amended complaint, the Court will screen the third amended

complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for the named John or Jane Doe defendant and deliver all documents necessary to effect service to the U.S. Marshals Service. Plaintiff is reminded that amendments must comply with the requirements of Rule 15 and this Order.

## CONCLUSION

To allow plaintiff to re-attempt service of the Amended Complaint on defendant City of New York, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a USM-285 form for this defendant. The service address for this defendant is New York City Law Department, 100 Church Street, New York, New York 10007. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant.

It is plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

The Clerk of Court is respectfully directed to strike the Second Amended Complaint (Dkt. 13) from the docket.

SO ORDERED.

Dated:   December 8, 2022
         New York, New York

**BARBARA MOSES**
United States Magistrate Judge