UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUHAMMAD MILHOUSE,

          Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/03/2023

22-CV-2934 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court is in receipt of *pro se* plaintiff Muhammad Milhouse's Application for the Court to Request Pro Bono Counsel (Pro Bono Counsel App.) (Dkt. 19), as well as plaintiff's Notice of Motion (Dkt. 20) and Declaration (Dkt. 21), which the Court construes as a request to exchange discovery in the form of video surveillance with defendants (the Motion for Discovery).

    In support of his Pro Bono Counsel Application, plaintiff states that he is not in good health and "need[s] help with filing the proper motions." Pro Bono Counsel App. at ECF p. 1. He also states that he retained an attorney who "committed fraud and came under direct breach of contract," attaching a blank, unsigned retainer form annotated with his own notes and highlights. *Id.* at ECF pp. 3-7. In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986); *Panjwani v. U.S. Sec. Assocs.*, 2014 WL 1870828, at *1 (S.D.N.Y. May 7, 2014) (quoting *Hodge*, 802 F.2d at 61) ("whether the indigent's position seems likely to be of substance" is the factor that "commands the most attention"). Thus, as noted on the

application form that plaintiff filled out, "[R]equests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Pro Bono Counsel App. at ECF p. 1 (¶ 2). The Court must also be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not request that *pro bono* attorneys be appointed indiscriminately. *Cooper*, 877 F.2d at 172.

Here, plaintiff's Amended Complaint has not even been served, much less tested on the merits.[1] A more fully developed record will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby ORDERED that plaintiff's Pro Bono Application is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

As defendant City of New York has yet to respond to plaintiff's Amended Complaint, and as no pretrial schedule has been set, plaintiff's Motion for Discovery is DENIED as premature. *See* Fed. R. Civ. P. 16, 26.

Dated: New York, New York
January 3, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] See the Amended Order of Service (Dkt. 16) for a more complete procedural background.