```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――
MUHAMMAD MILHOUSE,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.,

                Defendants.
―――――――――――――――――――――――――――
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/13/2023
```

22-CV-2934 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff's discovery motions at Dkts. 22, 28, and 30 will be denied.

### Background

*Pro se* plaintiff Muhammad Milhouse alleges that he was assaulted by employees of the New York City Department of Homeless Services (DHS) at a Hilton Garden Inn that was serving as a DHS Covid-19 isolation site. Am. Compl. (Dkt. 5) at ECF pp. 4-6. In an Order of Service dated August 10, 2022 (Dkt. 7), the District Judge (i) dismissed plaintiff's claims against all defendants *except* the City of New York (City) and the "John or Jane Doe 'Site Supervisor' at the DHS Covid-19 isolation site"; (ii) directed service on the City; and (iii) directed the New York City Law Department (Law Department) to assist plaintiff in identifying the "John or Jane Doe 'Site Supervisor'" described in the Amended Complaint within 60 days of that Order. The District Judge then referred the case to me for general pretrial management. (Dkt. 8.)

Although service on the City was attempted on November 16, 2022 (Dkt. 14), the Law Department neither appeared on behalf of the City nor provided the identifying information required by the Order of Service. Consequently, on December 8, 2022, I again directed service on the City, and again ordered the Law Department to assist plaintiff in identifying the "John or Jane Doe 'Site Supervisor'" within 60 days. *See* Amended Order of Service (Dkt. 16) at 3-4.

Service on the City was effected, and accepted, on January 10, 2023. (*See* Dkt. 32.) In the meantime, on December 12, 2022, Assistant Corporation Counsel Jonathan Pines, who is Deputy Chief of the General Litigation Division at the Law Department, filed a letter apologizing for the Law Department's delay in complying with the District Judge's prior order and assuring the Court that a General Litigation Division attorney would be assigned to the matter. (Dkt. 18 at 2.)[1] To date, however, no attorney has appeared on behalf of the City.

The Court notes that the City's answer or other response to the Amended Complaint is due **January 31, 2023**, unless that date is extended, and the Law Department's deadline for identifying the "John or Jane Doe 'Site Supervisor,'" if it is able to do so, is **February 6, 2023**. Thereafter, plaintiff must further amend his complaint, within 30 days, to identify the site supervisor by name.

### **Plaintiff's Motions**

Notwithstanding that the pleadings are not yet settled and no pretrial schedule has been set, plaintiff has filed numerous discovery-related motions, including:

- A motion dated January 3, 2023, which appears to request an order directing him to submit a Sandisk flash drive that he believes will help identify the isolation site staff (Dkt. 22);

- A motion dated January 10, 2023, which appears to request an order requiring the "NYPD Subpoena Litigation Unit" to release plaintiff's "IAB investigative reports" concerning his complaints about "poor leadership" in the "Special Victims squads" (Dkt. 28); and

- A motion dated January 11, 2023, which appears to request an order directing New York City Health + Hospitals to release security footage of plaintiff's visit to an identified emergency room on May 1, 2020 (or possibly May 1, 2022), after his ex-wife and others chemically assaulted him (Dkt. 30).

---

[1] ACC Pines apparently received the Amended Order of Service by email from the Law Department's Communications Unit.

**Discussion**

As this Court explained in its January 3, 2023 order (Dkt. 24), which denied an earlier discovery-related motion by plaintiff, his requests for discovery are premature. Discovery has not yet commenced. Moreover, plaintiff's motions, particularly those at Dkt. 28 and Dkt. 30, appear to seek discovery from agencies which are not parties to this action about events other than those alleged in the Amended Complaint. If and when discovery is authorized in this action, it will be limited to information "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Further, civil discovery in the federal courts is conducted by the parties in the first instance, not by the Court. Thus, for example, if plaintiff believes that information genuinely relevant to the parties claims or defenses is in the hands of a non-party, it will be plaintiff's obligation, once discovery commences, to serve a subpoena on that non-party in accordance with Fed. R. Civ. P. 45.

**Legal Clinic**

There is a legal clinic in this District to assist people who are parties in civil cases and do not have lawyers. The New York Legal Assistance Group's Legal Clinic for Pro Se Litigants is run by a private organization; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). The NYLAG Legal Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, telephone (212) 659-6190. Plaintiff may wish to make an appointment at the Clinic for assistance in pursing his claims within the bounds of the Federal Rules of Civil Procedure.

**Conclusion**

Plaintiff's discovery motions at Dkts. 22, 28, and 30 are DENIED.

Dated: New York, New York
       January 13, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

4