```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MUHAMMAD E. MILHOUSE,                                                  :
                                                                       :
                            Plaintiff,                                 :
                                                                       :           22 Civ. 2934 (JPC) (BCM)
            -v-                                                        :
                                                                       :                   ORDER
CITY OF NEW YORK, et al.,                                              :
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

    On January 3, 2023, the Honorable Barbara C. Moses, to whom this case has been referred for general pretrial supervision, issued an order denying without prejudice Plaintiff's request to appoint pro bono counsel. Dkt. 24 ("Order"). On January 4, 2023, Plaintiff filed a Notice of Motion to "vacate the orders of the magistrate [j]udge." Dkt. 25. The Court construes this filing as an objection to Judge Moses's Order pursuant to Federal Rule of Civil Procedure 72(a). "Under Rule 72, a district judge reviews a 'pretrial matter not dispositive of a party's claim or defense' under the 'clearly erroneous or . . . contrary to law' standard." *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 349 F. Supp. 3d 298, 303 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 72(a)). "Because a magistrate judge is best qualified to judge the entire atmosphere of the [pretrial] process[,] her rulings on [non-dispositive pretrial] matters are entitled to substantial deference. . . . This is a highly deferential standard, and the objector thus carries a heavy burden." *Rivera v. Hudson Valley Hosp. Grp.*, No. 17 Civ. 5636 (KMK), 2019 WL 3955539, at *2 (S.D.N.Y. Aug. 22, 2019) (internal citations, quotation marks, brackets, and ellipses omitted).

    The Court has reviewed Plaintiff's declaration in support of his objection, Dkt. 26, and Defendant City of New York's response, Dkt. 37, and concludes that Plaintiff's objection is without

merit. In her Order, Judge Moses denied appointment of pro bono counsel without prejudice in light of the early posture of the case. Order at 2. She reasoned that "[a] more fully developed record will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel." *Id.* Plaintiff's declaration lodges a number of accusations against Defendants, but it entirely fails to respond to Judge Moses's reasoning. Accordingly, the Court overrules the objections as irrelevant and without merit. *See Shukla v. Deloitte Consulting LLP*, No. 19 Civ. 10578 (AJN), 2021 WL 3159843, at *1 (S.D.N.Y. Mar. 4, 2021) (overruling a *pro se* plaintiff's objection to magistrate judge's order because "Plaintiff rehashes his prior arguments and does not identify a[] . . . 'clear error' of any kind" (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013))).

Furthermore, having reviewed for clear error, the Court finds that Judge Moses properly exercised her discretion in declining to appoint pro bono counsel without prejudice to a subsequent application. Judge Moses's reasoning that the appointment of pro bono counsel would be inappropriate given the lack of factual development was sound because, as Judge Moses observed in her Order, "in order to qualify for appointment of counsel plaintiff must demonstrate that his claim has substance or a likelihood of success." Order at 1 (citing *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)). Plaintiff is still in the process of serving his Amended Complaint on Defendants; there has been no discovery or dispositive motion practice. *See* Order at 2 & n.1. Accordingly, it was not clear error to determine that the appointment of pro bono counsel was premature.

Thus, for the reasons stated above, Plaintiff's objection to Judge Moses's order is overruled.

SO ORDERED.

Dated: February 1, 2023
New York, New York

JOHN P. CRONAN
United States District Judge